## J. J. McWilliams v. Anna J. Piper and John Piper.

### No. 312.

1. Evidence—*Witness Incompetent—Effect of Objection.* Where the defendant challenges the competency of one of plaintiff's witnesses upon the theory of the facts as alleged in the petition, this does not amount to such an admission of the truthfulness of the petition as to render proof unnecessary.

2. Instruction Held Error — *Fact in Issue—Absence of Evidence.* It is error for the trial court to instruct the jury that an assignment was made, when that was one of the controverted questions raised by the pleadings, and no evidence was offered thereon.

Error from Mitchell district court; Cyrus Heren, judge. Opinion filed June 20, 1898. Reversed.

*Clark A. Smith, A. H. Ellis,* and *F. T. Burnham,* for plaintiff in error.

*D. M. Thorp,* and *J. W. Tucker,* for defendants in error.

The opinion of the court was delivered by

Wells, J.: This action was brought in the court below to recover an amount claimed to be due from the defendant there, the plaintiff in error here, for the personal services of John Piper and money advanced by him. The petition recited an assignment of the claims to Anna J. Piper, and attached thereto was a copy of the assignment. A general denial under oath was filed by the defendant, a trial was had, and judgment was rendered in favor of Anna J. Piper for $660 and costs. To reverse this judgment these proceedings are prosecuted.

The only question we deem it necessary to consider in this case is with reference to the assignment. No attempt is made by the defendant in error to show

that the assignment was not denied under oath. It is virtually admitted that the denial was sufficient to put upon plaintiff the necessity of proving the assignment, and that no proof thereof was made or offered. But it is contended that from the following extract from the record it is clearly and fully admitted by plaintiff in error that Anna J. Piper is and was the owner of the account prior to the commencement of the action, and that it was assigned to her. The part of the record relied upon as containing this admission is as follows :

"Ques. Where do you reside, Mr. Piper? Ans. One mile west of Cawker.

"By Clark A. Smith : I desire to object to the competency of this witness, and, before making the objection, desire to ask one or two preliminary questions.

"By the court : All right.

"By Mr. Smith : Q. Your name is John Piper? A. J. W. Piper ; but I go by the name of John Piper mostly, without the middle letter. I answer sometimes by both names.

"Q. You are one of the plaintiffs in this suit? A. Yes, sir.

"Q. What relation do you sustain to your co-plaintiff, Anna J. Piper? A. She is my wife.

"Q. And has been for many years last past? A. Yes, I guess so.

"Q. Long before any of the matters pertaining to the matters in the suit now in issue? A. I could not tell you ; we were married in 1848.

"Q. And have been husband and wife ever since? A. Yes, sir.

"By Clark A. Smith : We object to the competency of the witness on the ground that the petition does not state any cause of action in favor of this plaintiff against the defendant, and the petition does not allege and the evidence does not show any joint interest with his co-plaintiff. We except from the objection any transaction in which he acted as the agent of the co-

plaintiff.  We object to his testifying on any other subject.

" By the court :  Objection sustained.

" By D. M. Thorp :  We except." ·

It may be that there is sufficient evidence in the record to sustain the assignment, but if so it has not been pointed out to us and we have not succeeded in finding it ; but as this was one of the issues raised by the pleadings, and the court instructed the jury that the account had been assigned, a new trial will have to be awarded.

The judgment of the district court will be reversed and a new trial directed.